UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
WINSTON BLYDEN,

        Plaintiff,

    - against -

SYDNEY LEASING LIMITED PARTNERSHIP et al.,

        Defendant.
----------------------------------------------------------------X

**ORDER**
12-CV-921 (RRM)(RER)

MAUSKOPF, United States District Judge.

    Plaintiff Winston Blyden brings claims against his former employers Sydney Leasing Limited Partnership, Brisbane Leasing Limited Partnership, Melbourne Leasing Limited Partnership, and Wellington Leasing Limited Partnership, under various discrimination statutes: Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; the New York State Human Rights Law, N.Y. Exec. Law § 296 (the "NYSHRL"); and the New York City Human Rights Law, New York City Admin. Code § 8–107 (the "NYCHRL"). (Compl.¶ 1.) The action was removed to this Court from New York State Supreme Court, Queens County, on February 27, 2012.

    On March 5, 2012, defendants asked this Court to stay or dismiss this action and to compel arbitration of plaintiff's claims pursuant to Sections 3 and 4 of the Federal Arbitration Act (FAA), 9 U.S.C. §§ 3–4, in view of a collective bargaining agreement and side protocol governing plaintiff's claims. (*See* Doc. No. 7 and appendices.) On July 9, 2012, plaintiff's counsel informed the Court that "[u]pon a closer examination of the applicable law, plaintiff has decided not to oppose the defendants' motion for arbitration." (Doc. No. 10.)

    Because plaintiff does not deny that he must submit his claim to arbitration, defendants' request to compel under 9 U.S.C. § 4 is moot. The only question remaining is whether to stay or dismiss the action under 9 U.S.C. § 3, which states,

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

Although § 3 contemplates only a stay of an action in favor of arbitration, district courts also have the "discretion to dismiss - - rather than stay - - an action when all of the issues in it must be arbitrated." *Milgrim v. Backroads, Inc.*, 142 F. Supp. 2d 471, 476 (S.D.N.Y. 2001), *aff'd* 91 Fed. App'x 702 (2d Cir. 2002); *see also Johnson v. Tishman Speyer Props., L.P.*, No. 09-CV-1959(WHP), 2009 WL 3364038, at *4 (S.D.N.Y. Oct. 16, 2009).

Because the parties concede that all of plaintiff's claims must be arbitrated, and because no party has sought enforcement of any award in this court, "no useful purpose will be served by granting a stay" and the case may be dismissed. *Lewis Tree Serv., Inc. v. Lucent Techs., Inc.*, 239 F. Supp. 2d 332, 340 (S.D.N.Y. 2002).[1] The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: Brooklyn, New York
       August 3, 2012

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge

---

[1] Although the complaint also states claims against certain individuals not named in the case caption, all employees or agents of the named employers, there is no indication that the complaint was ever served on those individuals and the parties have not addressed them in any papers. In any case, the reasons for requiring arbitration against the corporate defendants apply equally to employees or agents of those entities. *See Ragone v. Atlantic Video at Manhattan Ctr.*, No. 07 Civ. 6084(JGK), 2008 WL 4058480, at *1 n.1 (S.D.N.Y. Aug. 29, 2008) (citing *Roby v. Corp. of Lloyd's*, 996 F.2d 1353, 1360 (2d Cir. 1993)). Accordingly, dismissal against all defendants is appropriate.